**Cindy Lou HEWETT, Plaintiff–Appellant,**

v.

**Roger W. MILLER, Blalock Equipment Corporation, and Sevier County Tennessee School System, Defendants–Appellees.**

Court of Appeals of Tennessee.

Nov. 30, 1994.

Stephen E. Marshall, Marshall and Delius, Sevierville, for Cindy Lou Hewett plaintiff-appellant.

R. Franklin Norton and W. Mitchell Cramer, Norton & Luhn, Knoxville, for Sevier County School System.

Patti Jane Lay, Kennerly Montgomery & Finley, Knoxville, for Miller and Blalock.

*OPINION*

McMURRAY, Judge.

This action arises out of a motor vehicle accident wherein the plaintiff's son, Adrian Scott Hewett, was killed. The plaintiff alleged common law negligence and violation of certain rules of the road as its cause of action against Roger W. Miller and sought to hold the defendant, Blalock Construction Corporation, liable under the doctrine of respondeat superior. The plaintiff sought recovery against the defendant, Sevier County School System, alleging that the school system was negligent in the location of the school bus stop where this tragic accident occurred. The defendants filed motions for summary judgment which were sustained by the trial court. From this judgment this appeal resulted. We affirm the judgment of the trial court.

The defendants' motions for summary judgment asserted that there was no genuine issue of material fact, and that they were entitled to judgment as a matter of law.

In the case at hand, the facts are generally undisputed. Adrian Scott Hewett, the deceased, was near the school bus stop on Wears Valley Road. Roger Miller, who was employed by Blalock Equipment Company, was driving a truck owned by Blalock on Wears Valley Road. The deceased and the truck collided resulting in the death of Adrian Scott Hewett.

The defendant, Sevier County School System, asserts that it is immune from suit under the provisions of T.C.A. § 29–20–205, which provides in pertinent part as follows:

**29–20–205. Removal of immunity for injury caused by negligent act or omission of employees—Exceptions.**—Immunity from suit of all governmental entities

is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

(1) Arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

The case which is generally accepted as the authority on whether or not an act is discretionary or otherwise is *Bowers by Bowers v. City of Chattanooga*, 826 S.W.2d 427 (Tenn.1992). We find it instructive to quote at length from *Bowers:*

> ... Today we approve of the analysis that determines which acts are entitled to immunity by distinguishing those performed at the "planning" level from those performed at the "operational" level.

> \*   \*   \*   \*   \*   \*

> Under the planning-operational test, decisions that rise to the level of planning or policy-making are considered discretionary acts which do not give rise to tort liability, while decisions that are merely operational are not considered discretionary acts and, therefore, do not give rise to immunity. *See Carlson v. State*, 598 P.2d 969, 972 (Alaska 1979). The distinction between planning and operational depends on the type decision rather than merely the identity of the decision maker. See id. ...

> Under the planning-operational test, discretionary function immunity does not automatically attach to all acts involving choice or judgment. Such an analysis recognizes that, to some extent, every act involves discretion. Rather, the underlying policy of governmental immunity is better served by examining (1) the decision-making process and (2) the propriety of judicial review of the resulting decision. Cf. *Peavler [v. Board of Commmissioners]*, 528 N.E.2d [40] at 46 [ (Ind.1988) ] (examining the nature of the conduct, its effect on governmental operations, and the capacity of a court to evaluate the decision).

> A consideration of the decision-making process, as well as the factors influencing a particular decision, will often reveal whether that decision is to be viewed as planning or operational. If a particular course of conduct is determined after consideration or debate by an individual or group charged with the formulation of plans or policies, it strongly suggests the result is a planning decision. These decisions often result from assessing priorities; allocating resources; developing policies; or establishing plans, specifications, or schedules. See id.

> On the other hand, a decision resulting from a determination based on preexisting laws, regulations, policies, or standards, usually indicates that its maker is performing an operational act. Similarly operational are those ad hoc decisions made by an individual or group not charged with the development of plans or policies. These operational acts, which often implement prior planning decisions, are not "discretionary functions" within the meaning of the Tennessee Governmental Tort Liability Act. In other words, "the discretionary function exception [will] not apply to a claim that government employees failed to comply with regulations or policies designed to guide their actions in a particular situation." *Aslakson v. United States*, 790 F.2d 688, 692 (8th Cir.1986).

*Bowers by Bowers v. City of Chattanooga*, supra.

■ In support of its motion for summary judgment, the Sevier County School System filed the affidavit of Jack Parton, Superintendent of the Sevier County Board of Education. In his affidavit, Mr. Parton testified that the Sevier County Board of Education, through its employees, established school bus schedules, routes and stops. A school bus stop was located on Wears Valley Road at or near Jess Wilson Road and that the designated school bus stop on Wears Valley Road has been so designated since approximately 1976. He further testified that there were and are no preexisting laws, regulations, policies or standards on which the determination was made in establishing and retaining the school bus stop location on Wears Valley Road at or near Jess Wilson Road; that the decision to retain a school bus stop on Wears Valley Road at or near Jess Wilson Road was made

by the employees of the Sevier County Board of education charged with the formulation of a schedule and routing of school buses.

Additionally, the Sevier County School System filed the affidavit of Dan Ellis. Mr. Ellis testified that he was transportation director for the Sevier County Board of Education; that he became transportation director in 1988 and is still serving in that capacity. He further testified that he scheduled school bus routes and the location of school bus stops and that he was familiar with the area in the school bus stopped.

Mr. Ellis further stated that prior to the start of school in 1991, there were no school board policies, guidelines or requirements which he was required to follow in establishing school bus routes and the location of school bus stops. That prior to the beginning of school in 1991, he viewed the location of the school bus stop in question and considered whether the school bus route, schedule and/or location should be changed. He decided that the school bus route, schedule and location of the bus stop should not change.

In opposition to the Sevier County System's motion for summary judgment, the plaintiff relied upon the deposition of Jack Parton and Danny Ellis. Their sole argument is that there are inconsistencies between affidavits and depositions.

In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied.

*Byrd v. Hall,* 847 S.W.2d 208 (Tenn.1993). (Citations omitted.)

Applying the standards of *Byrd* we do not believe that the inconsistencies, standing alone, are sufficient to rebut the affidavits of Mr. Parton and Mr. Ellis.

We are of the opinion that the evidence, tested under the standards of *Bowers,* supra, requires a finding that the Sevier County School System is immune from suit under the circumstances of this case. Accordingly, we affirm the action of the trial court in sustaining the motion for summary judgment filed on behalf of the Sevier County School System.

■ In support of the summary judgments filed on behalf of Roger Miller and Blalock equipment corporation, the defendants filed the affidavit of Roger Miller. In his affidavit, Mr. Miller stated that on the morning in question he was driving an empty dump truck owned by Blalock in a southerly direction on Wears Valley Road in Sevier County; that he was headed to a site to haul dirt and had his headlights on. As he approached the intersection of Jess Wilson Road, he was traveling at a speed of 30–35 miles per hour in a 45 mile per hour speed zone. He noticed some children standing to his right on the side of the road. When he entered the Jess Wilson Road intersection, he saw a child on the left side of the road, later identified as Adrian Hewett; that Adrian Hewett suddenly and unexpectedly started running "as hard as he could into the road." He immediately hit his brakes. The child ran into the side of the truck near the third axle, which is located behind the cab and at the front of the bed. He further stated that there were no stop signs, stop lights or other traffic control signals which would require traffic traveling in the direction he was headed to stop in the area where the accident occurred.

In opposition to these defendants' motion, the plaintiff filed the deposition of Mr. Miller, pointing out discrepancies in his affidavit and deposition. No facts are recited, however, which rebut the testimony of Mr. Miller. Again, as above, tested under the teachings of *Byrd,* supra, we are of the opinion that the response of the plaintiff is insufficient to rebut the evidence presented by these defendants. Accordingly, we find that the motion for summary judgment was properly sustained.

We affirm the judgment of the trial court in all respects. Costs of this appeal are adjudged against the appellant and sureties and this case is remanded to the trial court for the collection thereof.

GODDARD, P.J. (E.S.) and CLIFFORD E. SANDERS, Senior Judge, concur.